Richard HENDERSHOT, Joseph
Jackson and Eriberto Galindo,
Petitioners,

v.

Joseph SCIBANA, Warden of Oxford
Prison Camp, Respondent.

No. 04–C–0291–C.

United States District Court,
W.D. Wisconsin.

Nov. 2, 2004.

Thomas Wilmouth, Milwaukee, WI, for Plaintiffs.

Mullen J. Dowdal, Assistant U.S. Attorney, Madison, WI, for Defendant.

ORDER

CRABB, District Judge.

In an opinion dated October 15, 2004, I granted petitioners writs of habeas corpus under 28 U.S.C. § 2241 and ordered respondent to consider petitioners for transfer to a halfway house or other transitional program as early as six months before their projected release dates. Judgment was entered in this case on October 19, 2004. Now before the court is respondent's timely filed motion to amend the judgment pursuant to Fed.R.Civ.P. 52(b) and 59(a) and (e). Respondent asks the court to amend its judgment and dismiss the petition in light of the recent decision by the Court of Appeals for the Seventh Circuit in *Richmond v. Scibana,* No. 04–2264, 2004 WL 2339763 (7th Cir. Oct.19, 2004). After reviewing the decision in *Richmond,* I conclude that the judgment in this case must be vacated and the petition dismissed.

■ In the October 15, 2004 order, I determined that petitioners had properly framed their request for relief as a petition for a writ of habeas corpus under § 2241 and that exhaustion of administrative remedies was not required because respondent and the bureau have predetermined the issue. *Richmond* indicates that this determination was erroneous. In that case, the court of appeals reviewed the same claim on which I granted relief in *Hendershot,* a § 2241 challenge to the Bureau of Prisons' post-December 2002 interpretation of 18 U.S.C. §§ 3621(b) and 3624(c). The court

held that " § 2241 does not furnish the appropriate means to contest the Bureau's understanding of § 3624(c)." *Richmond,* 387 F.3d 602, 606. Instead, the court stated that a challenge to the bureau's interpretation of the statutes must be brought under the Administrative Procedure Act. *Id.* at 605. Although petitioners argued that the bureau's current policy was adopted in violation of the Administrative Procedure Act, I cannot convert their petition for habeas corpus into a civil action under the APA *sua sponte. Richmond,* 387 F.3d at 606. Therefore, the petition in this case must be dismissed. If any petitioner wishes to challenge the bureau's new policy regarding halfway house placement, he must do so in a civil action using the general federal jurisdiction statute, 28 U.S.C. § 1331.

 Moreover, if any petitioner wishes to challenge the bureau's policy under § 1331, he must proceed individually. *Lindell v. Litscher,* 212 F.Supp.2d 936 (W.D.Wis.2002). Each petitioner will have to either pay the full docketing fee ($150) for a civil action or seek leave to proceed with the action *in forma pauperis.* In the latter event, the petitioner will need to submit a six month trust fund account statement that the court will use to determine his eligibility to proceed *in forma pauperis.* If the court finds that the petitioner is eligible to proceed *in forma pauperis,* he will be assessed an initial partial payment that must be paid before his complaint will be screened under 28 U.S.C. § 1915(e)(2). In either event, the petitioner's lawsuit will be subject to the administrative exhaustion requirements under 42 U.S.C. § 1997e(a), *see* 28 C.F.R. §§ 542.13–542.15.

Before deciding whether to commit $150 to another lawsuit, petitioners should consider the limited relief available to them. In *Hendershot,* I noted that my ruling

requires respondent only to *consider* petitioners for transfer to a halfway house for the last six months of their sentences. Section 3624(c) does not *require* halfway house transfers for the last six months of a sentence; it merely encourages such transfers to the extent they are practicable. The only requirement in the section is that prisoners be prepared for release for "a reasonable part" of the last 10% of their sentence.

Even if petitioners were successful in challenging the bureau's new policy in a new lawsuit, they would not be *entitled* to halfway house placement for the last six months of their sentences. The best petitioners could hope for from this court is an order directing respondent to consider petitioners for halfway house placement in the exercise of his discretion. But even this outcome may not result in the relief petitioners seek. In *Richmond,* the court noted that the Department of Justice "has decided not to exercise in prisoners' favor whatever dispensing power it possesses. It has proposed a rule that inmates will be placed in community or home confinement only during the last 10% of their sentences" as an exercise of its discretion under § 3621(b). *Richmond,* 387 F.3d at 605. Petitioners should consider the likelihood that a favorable decision will not result in halfway house placement before their 10% dates.

## ORDER

IT IS ORDERED that respondent Joseph Scibana's motion to amend the judgment entered in this case on October 19, 2004 is GRANTED. The October 19, 2004 judgment is VACATED and the petition for writs of habeas corpus filed by petitioners Richard Hendershot, Joseph Jackson and Eriberto Galindo is DISMISSED.